a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MAURICIO MONTERO MONTERO,        CIVIL DOCKET NO. 1:25-CV-01741
Petitioner                                                              SEC P

VERSUS                                                        JUDGE EDWARDS

BRIAN ACUNA ET AL,                MAGISTRATE JUDGE PEREZ-MONTES
Respondents

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Mauricio Montero-Montero ("Montero-Montero"), an immigration detainee at River Correctional Center in Ferriday, Louisiana. Montero-Montero challenges the legality of his detention.

Because Montero-Montero does not establish that his detention is unlawful, the Petition should be DENIED and DISMISSED WITHOUT PREJUDICE.

I.       Background

Montero-Montero is a native and citizen of Mexico. He alleges that he first entered the United States without inspection in or around 2008. Montero-Montero departed the United States in 2011 on his own, and returned in 2013, again entering without inspection. ECF No. 1 at 1.

1

Montero-Montero was detained on August 29, 2025, following a traffic stop. He was ordered removed on December 22, 2025, and filed an appeal on January 16, 2026.[1]  No briefing deadline has been set.  *Id.*

## II.    Law and Analysis

Montero-Montero alleges that he is not an applicant for admission "seeking admission" or "an arriving alien" subject to mandatory detention under 8 U.S.C. §§ 1225(b)(1) or (b)(2).  ECF No. 1 at 12.  He asserts that he is entitled to a bond redetermination hearing by an immigration judge pursuant to 8 U.S.C. § 1226(a).  *Id.* Montero-Montero alleges that his detention without a bond hearing deprives him of of due process of law.  *Id.*

Montero-Montero's arguments in support of his due process claim relate to the statutory interpretation of § 1225 and § 1226.  But *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)—which held that inadmissible aliens who have been residing in the United States may be detained without bond under § 1225(b)(2)— necessitates denial of Montero-Montero's claim.  *See Buenrostro-Mendez*, 166 F.4th at 508; *see also* 8 U.S.C. § 1225(b)(2)(A) (providing that aliens "shall be detained") (emphasis added); *Ramirez v. Harper, et al.*, 26-CV-386, 2026 WL 1067923, at *1 (W.D. La. Apr. 20, 2026).

Although Montero-Montero argues in Reply that he is a member of the class in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-1873 (C.D. Cal. Feb. 18, 2026), *see* ECF No. 11 at 3, the reasoning in that case was expressly rejected by the Fifth Circuit.

---

[1] https://acis.eoir.justice.gov/en/caseInformation

*Compare Buenrostro-Mendez*, 166 F.4th at 502–08 with *Maldonado Bautista*, No. 5:25-cv-1873, at ECF No. 116.

Because Montero-Montero is an inadmissible alien who is an "applicant for admission," § 1225(b) applies, and he "shall be detained for a proceeding under [§] 1229a." 8 U.S.C. § 1225(b)(2)(A). Thus, the Fifth Amendment claim fails.

## III.   Conclusion

Because Montero-Montero does not establish that his detention is unlawful, IT IS RECOMMENDED that the Petition be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, April 27, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

3